UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:24-CV-391-KHJ-MTP |
| ALL FUNDS LOCATED IN BINANCE.COM WALLET | DEFENDANT |

ORDER

Before the Court is Plaintiff the United States' [6] Motion to Strike. The Court grants the motion.

I. Background

On July 5, 2024, the United States filed a [1] Verified Complaint for Forfeiture *in rem*. The Verified Complaint sought forfeiture of funds located in a Binance.com wallet "created . . . by an Indian national named Sikandar Azmi." *Id.* ¶¶ 1–2. On July 8, the United States mailed Azmi a [2] Notice of Complaint for Forfeiture. The notice explained:

> Under Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, in order to avoid forfeiture of the defendant property, any person who asserts an interest in the defendant property **must** file a Verified Claim within **35** days after the date this notice was sent . . . .

*Id.* ¶ 3.

Azmi filed a "Reply" on July 22. [5]. He explained that he is "not filing any claim of the assets being forfeited." *Id.* ¶ 30; *see also id.* ¶ 2 ("I am . . . not filing a verified claim."). Instead, Azmi sought to "deny and dispute allegations as

mentioned in the paragraphs in the complaint." *Id.* ¶ 4; *see also id.* ¶¶ 5–6, 8–16, 22–28. The Court therefore construes Azmi's filing as an "answer." *Id.* ¶ 31.

The United States moved to strike Azmi's "Reply" under Supplemental Rule G(8)(c)(i)(A). [6] at 1; *see also* Pl.'s Mem. [7]. Azmi never responded to that motion.

II.     Standard

Under Supplemental Rule G(8)(c)(i)(A), "the government may move to strike a claim or answer . . . for failing to comply with Rule G(5)." Supplemental Rule G(5)(a)(ii)(A) provides that a claim "must be filed . . . by the time stated in a direct notice." And Supplemental Rule G(5)(b) states that "[a] claimant must serve and file an answer to the complaint . . . within 21 days after filing the claim."

The Court "exercises discretion in considering motions to strike." *United States v. 3330 N. Border Ave., Weslaco, Tex.*, 721 F. App'x 372, 372 (5th Cir. 2018) (per curiam) (citing *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1113 (5th Cir. 1992)).

III.    Analysis

The Court grants the motion to strike. Under Supplemental Rule G(5), "the filing of a claim is a prerequisite to the right to file an answer and defending on the merits." *3330 N. Border Ave.*, 721 F. App'x at 373 (cleaned up); *see also $38,570 U.S. Currency*, 950 F.2d at 1115. Yet Azmi did not file a claim before filing his answer. *See* [5] ¶ 30 ("I am not filing any claim."). And any claim from Azmi would now be untimely. *See* [2] ¶ 3. Because Azmi has "fail[ed] to comply with Rule G(5)," the Court strikes Azmi's answer under Supplemental Rule G(8)(c)(i)(A).

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Plaintiff the United States' [6] Motion to Strike.

SO ORDERED, this 19th day of September, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE